### Foss *v.* Foss.

The court will not take jurisdiction of a cause for divorce arising out of the state, unless, at the time, the libellant had his domicil in the state.

The question of domicil is one of fact, depending on the residence and intention of the party, and is to be determined on the evidence at the trial term.

Libel, for divorce. The libellant always resided in Newport until 1867, when he went to Washington, D. C., where he was employed by the government until the spring of 1877, when he returned to Newport, and has since resided with his father there. He has every year, with one exception, voted in Newport, and never voted elsewhere, and has always paid a poll tax in that town.

He married the libellee in 1873, in Washington, where she was residing with her parents. She had never resided in New Hampshire, and after her marriage visited the state twice,—once, remaining from March to September, in 1875, and a second time from summer to September 25, 1876, having with her each time her young child, and remaining, while here, in the family of the libellant's father. With these exceptions she has always remained in Washington. The parties have never kept house, but have had rooms in Washington, and most of the time boarded with the parents of the libellee.

The causes of divorce, if any, occurred in Washington, and were continued in Newport during the last visit of the libellee in that town. For most of the time during that visit the libellant was absent in Washington, attending to his duties as clerk. The question of jurisdiction of the cause of divorce is reserved.

*Barton*, for the libellant.

*Burke*, for the libellee.

ALLEN, J.   To entitle the court to take jurisdiction of a cause of divorce, the libellant must have an actual *bona fide* residence in the state.   *Fellows* v. *Fellows*, 8 N. H. 160;  *Greenlaw* v. *Greenlaw*, 12 N. H. 202;  *Batchelder* v. *Batchelder*, 14 N. H. 380;  *Payson* v. *Payson*, 34 N. H. 520.   And the cause of divorce, if arising out of the state, must have been at a time when the domicil of the libellant was in the state.   *Clark* v. *Clark*, 8 N. H. 21;  *Frary* v. *Frary*, 10 N. H. 61;  *Smith* v. *Smith*, 12 N. H. 80;  *Kimball* v. *Kimball*, 13 N. H. 225;  *Hopkins* v. *Hopkins*, 35 N. H. 474;  *Leith* v. *Leith*, 39 N. H. 20, 32, 33.   If the domicil of the libellant, at the time the alleged causes of divorce took place, was in New Hampshire, as he claims, the court has jurisdiction of the cause; otherwise, not.

The place of one's domicil is the place of his home.   Phil. Law of Dom. 11.   In the ordinary acceptation, it is where he lives and has his home.   Story Confl. of Laws 41.   It is the place in which, both in fact and intent, the home of a person is established, without any existing purpose of mind to return to a former home.   It is the place which the fact and the intent, combining with one another, gravitate to and centre in as the home.   2 Bishop Mar. and Div. 118.   To acquire a domicil, residence and the intention to make it the home must concur.   Once acquired, actual residence is not indispensable for its retention; it may be retained by an intention not to change it.   *Hart* v. *Lindsey*, 17 N. H. 235;  *Leach* v. *Pillsbury*, 15 N. H. 138.   An existing domicil is not changed or lost by a departure from it for a temporary purpose, or with an intention of returning.   *Bump* v. *Smith*, 11 N. H. 48.

The circumstances stated in the case are evidence from which the domicil can be found, upon the well settled principles applicable to the subject, and the fact must be determined at the trial term.

*Case discharged.*

BINGHAM, J., did not sit.