EDITH B. BAILEY *v.* DAVID E. BAILEY.

*Hughes & Burns* and *Walter A. Calderwood*, for the plaintiff.

*Cooper, Hall & Grimes*, for the defendant.

MARBLE, C. J. "The place of one's domicil is the place of his home," and "An existing domicil is not changed or lost by a departure from it for a temporary purpose, or with an intention of returning." *Foss* v. *Foss*, 58 N. H. 283, 284.

The plaintiff and defendant were married in 1922 and came to Union to live in 1937. The defendant was treasurer and director of the Bailey & Blendinger Company, manufacturers of machine knives, whose factory was located in that town. In August, 1941, the defendant left Union ostensibly for the purpose of attending a knife manufacturers' convention. He did not return until the following summer. In the meantime he had commenced divorce proceedings in Florida, and his immediate purpose in returning to Union was to discuss those proceedings with the plaintiff. No

agreement could be reached, however, and he left Union again within a few hours of his arrival.

The plaintiff testified that the Florida libel of 1941 was dismissed and another subsequently filed, that she went to Florida late in March, 1943, and attended the hearing on the second libel, and that this libel too was dismissed; that the defendant then returned to Union and spent the summer there, staying in his father's apartment at the factory directly across the street from the house in which she and the children were living.

After some correspondence with an attorney in Reno, Nevada, defendant's New Hampshire counsel, on June 25, 1943, began correspondence with an Arkansas attorney with a view to instituting divorce proceedings in that state. The defendant left Union for Arkansas late in September, 1943. A libel was later filed there and dismissed without prejudice on January 11, 1944.

Numerous letters, written by the defendant and his counsel, were introduced without objection "as bearing on the question of domicile." On August 5, 1942, defendant's Florida counsel wrote defendant's New Hampshire attorney: "One difficulty we are going to have is with the residence feature as Dave hardly stays any of his time in Pensacola."

In a letter to his father, written while the Florida proceedings were pending, the defendant declares that he "may have to come home and settle" with the plaintiff. Writing his New Hampshire attorney at about the same time, he urges: "Get it worked out and let me come home and help Dad as I should." There are statements to like effect in several other letters.

A domicile once existing continues until another is gained (*Hanson* v. *Hanson*, 78 N. H. 560), and whether or not a new domicile has been acquired is primarily a question of fact under all the circumstances of the particular case (*Foss* v. *Foss, supra*). See *Kirby* v. *Charlestown*, 78 N. H. 301, 303.

Invoking these principles of law, the defendant contends that by the Florida proceedings in which the plaintiff participated his domicile was judicially determined to be in that state and that there is no evidence that he has since acquired a new domicile. One difficulty with this argument lies in the fact that the decree of the Florida court was not introduced in evidence and the ground on which the libel was dismissed does not clearly appear. Furthermore, defendant's counsel did not move to dismiss the petition on the ground that the issue of domicile had already been adjudicated,

but merely said, at the conclusion of the evidence: "As I understand it, the question for the Court to decide is whether it [defendant's domicile] is Union or not." Under the circumstances he cannot now be heard to say that the judgment of the Florida court on the question of domicile is conclusive.

There is ample evidence to justify the finding of the trial Court and the consequent denial of the defendant's motion.

*Exceptions. overruled.*

All concurred.