Rockingham
No. 2011-445

JASON ANTOSZ & a.

v.

DOREE ALLAIN

Argued: January 18, 2012
Opinion Issued: February 24, 2012

*Boynton, Waldron, Doleac, Woodman & Scott, P.A.,* of Portsmouth (*Christopher E. Grant* on the brief and orally), for the plaintiffs.

*Backus, Meyer & Branch, LLP,* of Manchester (*Barry M. Scotch* on the brief and orally), for the defendant.

CONBOY, J. The plaintiffs, Jason and Jennifer Antosz, appeal an order of the Superior Court (*McHugh,* J.) granting summary judgment in favor of the defendant, Doree Allain. We reverse and remand.

The trial court found, or the record supports, the following facts. The defendant owns property located at 87 North River Road in Epping. On January 29, 2008, the Town of Epping Fire Department was called to the defendant's property because of a fire involving the home's hot water heater. Jason Antosz, a volunteer firefighter with the Epping Fire Department, was among the firefighters who responded to the call.

Mr. Antosz arrived at the scene of the fire, parked his vehicle on the street, and walked up the driveway to speak with the lieutenant on the scene. The lieutenant instructed him to walk back down the driveway and retrieve a fire extinguisher from a fire truck parked on the street. The driveway was covered with packed snow and ice, and as Mr. Antosz walked down it, he slipped and fell and was seriously injured.

The plaintiffs filed suit against the defendant. Mr. Antosz claimed negligence, alleging that the driveway was in an unsafe and unreasonable condition as a result of the defendant's failure to remove snow and ice from it, and that the condition of the driveway caused his fall and resulting injury. Ms. Antosz claimed loss of consortium. The defendant moved for summary judgment arguing that Mr. Antosz's claim is barred by RSA 507:8-h (2010) (setting forth the "Fireman's Rule"). The plaintiffs objected, arguing that RSA 507:8-h does not apply to volunteer firefighters, or alternatively, that even if it does, under the statute's provisions, Mr. Antosz's negligence claim is not barred. The court granted the defendant's motion. The plaintiffs filed a motion for reconsideration, which the trial court denied. The plaintiffs now appeal.

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Waterfield v. Meredith Corp.,* 161 N.H. 707, 709 (2011). We will affirm the grant of summary judgment only if our review of that evidence discloses no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Id.* We review the trial court's application of the law to the facts *de novo. Id.*

In granting the defendant's motion for summary judgment, the trial court made two rulings. First, it determined that Mr. Antosz's volunteer

status does not preclude the application of the Fireman's Rule. The trial court based this determination both upon Mr. Antosz's status as an "employee" under the workers' compensation statute, *see* RSA 281-A:2, I, VII(a)(2) (2010), as well as the fact that the text of RSA 507:8-h does not expressly distinguish between paid firefighters and volunteer firefighters. Second, the trial court determined that confronting an ice and snow covered driveway at the scene of the fire was incidental to and inherent in Mr. Antosz's performance of normal duties and, therefore, the Fireman's Rule barred his negligence action.

The plaintiffs appeal both rulings. First, assuming that RSA 507:8-h applies to volunteer firefighters, we address the trial court's determination that as applied to this case, it bars Mr. Antosz's negligence claim.

Resolution of this issue requires us to interpret RSA 507:8-h. In matters of statutory interpretation, "[w]e are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." *Kenison v. Dubois*, 152 N.H. 448, 451 (2005). We first look to the language of the statute and, where possible, ascribe to the language its plain and ordinary meaning. *Appeal of Union Tel. Co.*, 160 N.H. 309, 317 (2010). We examine the statute's legislative history only if the statutory language is ambiguous. *See Sutton v. Town of Gilford*, 160 N.H. 43, 54 (2010). We neither consider what the legislature might have said, nor add language that the legislature did not see fit to include. *In the Matter of McArdle & McArdle*, 162 N.H. 482, 485 (2011).

We first adopted the Fireman's Rule in *England v. Tasker*, 129 N.H. 467, 468-72 (1987). In 1993, the legislature codified the rule as RSA 507:8-h, and in 1997 amended the statute. RSA 507:8-h now provides:

> Firefighters . . . shall have no cause of action for injuries arising from negligent conduct which created the particular occasion for the [firefighter's] official engagement. However, this section does not affect such [firefighter's] causes of action for unrelated negligent conduct occurring during the [firefighter's] official engagement, or for other negligent conduct . . . .

On appeal, the plaintiffs argue that the statute does not bar Mr. Antosz's negligence claim because his injury, caused by a slip and fall on a snow and ice covered driveway, did not arise from the conduct which created the reason for his "official engagement" at the scene, a hot water heater fire. In response, the defendant contends that RSA 507:8-h bars a firefighter's suit "based upon negligence, even when independent of the cause of his presence at the premises, when he is injured in the course of the duties he is called upon and expected to perform."

The trial court determined that the slip and fall "occurred while [Mr. Antosz] was performing his duties as a firefighter." Citing a Rhode Island case that held that the Fireman's Rule barred a police officer's negligence action arising from a slip and fall on an icy walkway, the trial court stated: "The [Rhode Island] Court reasoned that . . . 'confronting a snow-and-ice-covered walkway at a potential crime scene is so closely connected to the purpose of [the officer's] enforcement presence on the property that it may be accurately described as incidental to and inherent in the performance of normal duties.'" (Quoting *Day v. Caslowitz*, 713 A.2d 758, 761 (R.I. 1998).) Agreeing with this rationale, the trial court found that Mr. Antosz's fall was incidental to and inherent in the performance of his duties, and ruled that the statute bars his action. The trial court's conclusion, however, is not supported by the unambiguous language of our statute.

Statutory grants of immunity that bar common law rights to recovery, such as that set forth in RSA 507:8-h, are strictly construed. *Cecere v. Loon Mt. Recreation Corp.*, 155 N.H. 289, 291 (2007). Contrary to the defendant's arguments and the trial court's ruling, the language of the statute does not bar all negligence claims based upon injury suffered during the performance of firefighting duties. Rather, the plain language of RSA 507:8-h bars only suits "*arising from* negligent conduct which *created* the particular occasion for the [firefighter's] official engagement." (Emphases added.)

In support of her argument, the defendant relies upon the "public policy and philosophical underpinning for the Firemen's Rule . . . expressed before the enactment of RSA 507:8-h." *See, e.g.*, *Akerley v. Hartford Ins. Group*, 136 N.H. 433, 437 (1992); *Tasker*, 129 N.H. at 468, 471-72. However, we construe statutory language "according to its plain and ordinary meaning," *Appeal of Union Tel. Co.*, 160 N.H. at 317, and our previous discussions of the policy justifications for the judicial adoption of the Fireman's Rule cannot now be used to contradict the text of RSA 507:8-h. Under the plain language of the statute, the only relevant inquiry in determining whether a cause of action is barred is whether the negligently-created risk that caused the firefighter's injury was the reason for his presence on the scene. RSA 507:8-h.

Here, the parties do not dispute that the reason firefighters were called to the scene was a fire involving the home's hot water heater. Nor do they dispute that Mr. Antosz's injury occurred as a result of a slip and fall on the driveway, the condition of which was unrelated to the fire. Accordingly, because the injury giving rise to Mr. Antosz's claim did not arise from "negligent conduct which created the particular occasion for [his] official

engagement," RSA 507:8-h, the defendant may not avail herself of the limited immunity conferred by the statute.

Nonetheless, the defendant contends that her position is supported by the language of RSA 507:8-h. She points to the provision that states that the statutory bar does not affect "causes of action for unrelated negligent conduct occurring *during* the [firefighter's] official engagement," *id.* (emphasis added), and argues that it necessarily follows that the statute bars claims for negligent conduct occurring *prior* to the firefighter's official engagement. According to the defendant, Mr. Antosz's claim is barred because the allegedly negligent conduct that led to the condition of the driveway occurred prior to his arrival on the scene. This argument, however, ignores what follows immediately in the subject sentence of the statute. In full, the sentence states: "However, this section does not affect such [firefighter's] causes of action for unrelated negligent conduct occurring during the [firefighter's] official engagement, *or for other negligent conduct . . . ." Id.* (emphasis added). The term "other negligent conduct" has no qualification. Thus, we hold that the plain language of the statute permits a firefighter to pursue causes of action for injuries arising from allegedly negligent conduct that did not create the occasion for his visit, regardless of whether that conduct occurs during or prior to the firefighter's official engagement on the scene.

Mr. Antosz also briefly argues that the statute does not apply to volunteer firefighters at all, but rather applies only to paid firefighters. When confronted with this issue, courts in other jurisdictions have come to opposite conclusions. *Compare Buchanan v. Prickett & Sons, Inc.,* 279 N.W.2d 855, 858-60 (Neb. 1979) (applying the Fireman's Rule to a volunteer firefighter and noting that volunteer firefighters "although uncompensated, undertake the same duties as paid [firefighters]"), *with Roberts v. Vaughn,* 587 N.W.2d 249, 251-53 (Mich. 1998) (declining to apply the Fireman's Rule to a volunteer firefighter and permitting the volunteer firefighter to pursue the cause of action). Because we conclude that the plain language of RSA 507:8-h does not bar Mr. Antosz's negligence claim, we need not decide whether the statute applies only to claims by paid firefighters. *See Dionne v. City of Manchester,* 134 N.H. 225, 230 (1991) (declining to address parties' other arguments where holding on one issue was dispositive).

We hold, therefore, that based upon the plain language of RSA 507:8-h, the trial court erred in granting the defendant's motion for summary judgment.

*Reversed and remanded.*

DALIANIS, C.J., and HICKS and LYNN, JJ., concurred.