# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0109, <u>Sanford Woodmansee & a. v. Federal National Mortgage Association</u>, the court on September 19, 2017, issued the following order:**

Having considered the brief, memoranda of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Sanford Woodmansee and Betty Woodmansee, appeal the order of the Superior Court (<u>Delker</u>, J.) entering summary judgment in favor of the defendant, Federal National Mortgage Association (Fannie Mae). The trial court ruled that the plaintiffs' complaint, which challenges the defendant's right to obtain ownership of the subject property through foreclosure, is barred by the doctrine of res judicata. The plaintiffs argue that trial court erred because, they claim: (1) no court of competent jurisdiction has ruled that the defendant owns the property; (2) the defendant's affidavit in support of summary judgment is not based upon personal knowledge of the facts; and (3) there are genuine issues of material fact.

When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and the inferences properly drawn from them, in the light most favorable to the non-moving party. <u>Sabinson v. Trustees of Dartmouth College</u>, 160 N.H. 452, 455 (2010). If this review does not reveal any genuine issues of material fact, <u>i.e.</u>, facts that would affect the outcome of the litigation, and if the moving party is entitled to judgment as a matter of law, we will affirm. <u>Id</u>. We review the trial court's application of the law to the facts <u>de</u> <u>novo</u>. <u>Id</u>.

The record shows that the plaintiffs initiated a prior action against the defendant to enjoin the foreclosure. On April 10, 2014, after a hearing, the superior court noted that there was no dispute that the plaintiffs were in default on their mortgage. Although the court also noted that the defendant "presented compelling arguments that [an] injunction should not be granted," it nevertheless enjoined the scheduled foreclosure sale for 90 days to allow the plaintiffs to apply for a loan modification, on the condition that they pay $1,782 per month in escrow as security. On July 15, 2014, after a hearing at which the plaintiffs failed to appear, the court found that they had failed to comply with the conditions of its order. The court lifted the injunction and allowed the defendant to proceed with the foreclosure sale the following day. Fannie Mae, as the highest bidder, purchased the property at foreclosure, and on December 2, 2014, filed its foreclosure deed and affidavit, as required by RSA 479:26 (2013).

On June 4, 2015, Fannie Mae filed a landlord and tenant writ in the circuit court to obtain possession of the property. See RSA chapter 540 (2007 & Supp. 2016). The Woodmansees filed a plea challenging Fannie Mae's title. On July 8, 2015, the circuit court ordered the Woodmansees to file their title action in the superior court by the next return day and to pay a recognizance of $1,000 and rent of $1,000 per month. See RSA 540:17 (2007) ("If the defendant shall plead a plea which may bring in question the title to the demanded premises he shall forthwith recognize to the plaintiff, with sufficient sureties, in such sum as the court shall order, to enter his action in the superior court for the county at the next return day, and to prosecute his action in said court, and to pay all rent then due or which shall become due pending the action, and the damages and costs which may be awarded against him."). The circuit court further ordered that it would enter judgment for Fannie Mae if the Woodmansees failed to comply with its order. See RSA 540:19 (2007) ("If the defendant neglects or refuses to recognize, judgment shall be rendered against him in the same manner as if he had refused to make answer to the suit."). On December 1, 2015, after a hearing, the circuit court found that the Woodmansees failed to pay the recognizance as ordered and failed to file their title action in the superior court. Accordingly, the court entered judgment for the Fannie Mae. We declined the Woodmansees' appeal, see Fannie Mae v. Woodmansee, No. 2016-0001 (N.H. Feb. 12, 2016), and the circuit court's judgment thus became final.

On March 1, 2016, the plaintiffs filed the present action in the superior court alleging that the defendant's foreclosure deed is fraudulent and invalid pursuant to RSA 478:42 (Supp. 2016) because its supporting affidavit contains material misrepresentations regarding the procedural history of the foreclosure process. In granting summary judgment, the trial court ruled that the claim is barred by res judicata.

The plaintiffs first argue that res judicata does not apply because no court of competent jurisdiction has expressly ruled that the defendant owns the property. The applicability of res judicata is a question of law that we review de novo. Sleeper v. Hoban Family P'ship, 157 N.H. 530, 533 (2008). Res judicata precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action. Id.

RSA 478:42 provides that a person may not knowingly record a document that fraudulently purports to memorialize an act creating a lien without legal authority. Here, however, the record shows that, in the prior superior court action, the court authorized the defendant to foreclose, and to record its foreclosure deed and affidavit, by lifting the injunction. We conclude that the plaintiffs' new action, which also challenges the defendant's right to obtain ownership of the property through foreclosure, constitutes the same cause of action for purposes of res judicata. See Sleeper, 157 N.H. at 533. Although in the prior superior court action the plaintiffs could not have

2

challenged the post-foreclosure affidavit, <u>see</u> RSA 479:26 (2013) (requiring foreclosing entity to record deed and affidavit within 60 days of sale), the purported misrepresentations in the affidavit concern issues that the superior court resolved in the prior action. Moreover, even assuming, without deciding, that the plaintiffs could have raised this claim by filing a plea of title in the eviction action, and subsequently prosecuting their claim in the superior court, <u>see</u> RSA 540:17, the record shows that the plaintiffs failed to meet the conditions of the statute and the circuit court's order that would have allowed them to do so. For these reasons, we conclude that the plaintiffs' new action is barred by res judicata.

The plaintiffs next argue that the defendant's affidavit in support of summary judgment is not based upon the affiant's personal knowledge of the facts, but upon knowledge obtained from pleadings and from the affiant's discussions with an attorney familiar with the case. RSA 491:8-a, II (2010) provides: "Any party seeking summary judgment shall accompany his motion with an affidavit based upon personal knowledge of admissible facts as to which it appears affirmatively that the affiants will be competent to testify." The affidavit in this case was prepared by an attorney in the law firm that has represented the defendant in these actions. Many of the facts supporting the applicability of res judicata are based upon the pleadings. Based upon our review of the affidavit, we conclude that it meets the requirements of RSA 491:8-a, II.

Finally, the plaintiffs argue that they have raised genuine issues of material fact, including whether the foreclosure affidavit contains material misrepresentations. However, for the reasons previously stated, the plaintiffs' challenge to the defendant's right to obtain ownership through foreclosure is barred as a matter of law. Thus, the plaintiffs have failed to raise a genuine issue of <u>material</u> fact. <u>See</u> <u>Sabinson</u>, 160 N.H. at 455.

Given our decision, we need not address whether RSA 479:25, II-a (2013) provides a separate basis to affirm the trial court's summary judgment order. <u>See</u> <u>Antosz v. Allain</u>, 163 N.H. 298, 302 (2012) (declining to address parties' other arguments where holding on one issue is dispositive).

We have considered the plaintiffs' remaining arguments, and have concluded that they do not warrant further discussion. <u>See</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**