# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0379, <u>Jeff's General Service Corporation v. AAA Pool & Spa Builders</u>, the court on April 12, 2018, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The appellant, Christopher Attardo, appeals the order of the Circuit Court (<u>Moore</u>, J.) denying his motion to clarify or amend an order for periodic payments. He argues that the trial court erred in holding him personally responsible for the judgment obtained by the plaintiff, Jeff's General Service Corporation, against the defendant, AAA Pool & Spa Builders.

The record shows that, on or about August 25, 2004, the plaintiff filed a small claim complaint against the defendant, identifying the appellant as the agent for service of process. On December 15, 2004, the trial court entered a judgment for the plaintiff against the defendant in the total amount of $1,666. On May 3, 2006, the appellant appeared for a show cause hearing, and the trial court ordered the appellant to pay the plaintiff $50 monthly. The appellant signed the order in his individual capacity.

On or about May 10, 2007, the plaintiff filed an affidavit of non-compliance, and the court scheduled a hearing for July 3, 2007. When the appellant failed to appear, the court issued a bench warrant for his arrest. When the appellant appeared for a hearing on July 24, 2007, the court again ordered him to pay the plaintiff $50 monthly, and he again signed the order in his individual capacity.

On September 28, 2016, the plaintiff filed another affidavit of non-compliance, and on November 28, 2016, the court ordered the defendant to make periodic payments beginning January 15, 2017. The court also granted the plaintiff's motion ordering payments to be made to Jeff Rockwell, individually, as the plaintiff corporation no longer was in business.

On January 4, 2017, the appellant filed his motion to clarify or amend the November 28, 2016 order, asserting that the defendant was a New Hampshire corporation when the plaintiff filed the complaint and requesting that the trial court clarify that the appellant was not responsible to pay the judgment. Following a hearing, the trial court denied the motion noting, among other things, that more than twelve years had passed since the court

issued its judgment against the defendant and that the appellant had not raised this issue or sought similar relief during that time.

On appeal, the appellant argues that the trial court erred in holding him personally responsible for the judgment, asserting that he and the defendant are "separate and distinct," and that the passage of time is irrelevant. We will affirm the trial court's factual findings unless they are unsupported by the evidence and its legal rulings unless they are erroneous as a matter of law. Kessler v. Gleich, 156 N.H. 488, 491 (2007).

In his motion to clarify, and his motion for reconsideration, the appellant asserted that, when the plaintiff filed the complaint, the defendant was a New Hampshire corporation. In his brief, the appellant asserts both that the defendant was a New Hampshire corporation, see RSA chapter 293-A (2016 & Supp. 2017), and a New Hampshire limited liability company, see RSA chapter 304-C (2015 & Supp. 2017), for which the appellant was the manager. Apart from his unsupported claims, the record fails to support either assertion. The small claim complaint and judgment do not indicate whether the defendant is a corporate entity or a sole proprietorship.

The appellant asserts that the trial court, following the May 3, 2006 show cause hearing, "mistakenly" ordered him to pay the judgment. However, the appellant did not appeal the court's May 3, 2006 order. See Gray v. Kelly, 161 N.H. 160, 164-67 (2010) (applying doctrine of res judicata). Moreover, he has failed to provide a transcript of the May 3, 2006 hearing. It is the appellant's burden to provide this court with a record sufficient to decide his issues on appeal. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250-51 (2004). Absent a transcript, we must assume the evidence was sufficient to support the trial court's order requiring the appellant to pay the judgment. See Atwood v. Owens, 142 N.H. 396, 396 (1997). Accordingly, we cannot conclude that the trial court erred in denying the appellant's motion to clarify or amend the order requiring him to make periodic payments on the judgment. See Kessler v. Gleich, 156 N.H. at 491.

In light of our decision, we need not decide whether the trial court erred in applying the doctrine of laches or whether the court may pierce the corporate veil; nor need we address the appellant's other remaining arguments. See Antosz v. Allain, 163 N.H. 298, 302 (2012) (declining to address appellant's remaining arguments when holding on one issue is dispositive).

Affirmed.

Lynn, C.J., and Hicks, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

2