# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0205, <u>In the Matter of Andrew Turgeon and Jamie Turgeon</u>, the court on March 9, 2020, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The petitioner, Andrew Turgeon (husband), appeals the post-divorce order of the Circuit Court (<u>Cooper</u>, M., approved by <u>McIntyre</u>, J.) allocating responsibility for the fees of the commissioner appointed to sell the parties' former marital residence.  The husband argues that the trial court erred in dividing responsibility for the fees equally between him and the respondent, Jamie Turgeon (wife).

The record shows that, pursuant to the parties' December 21, 2015 divorce decree, the court awarded the marital residence entirely to the wife, with responsibility for the "payment of the mortgage, insurance, and real estate taxes for this property and all expenses for this property."  Pursuant to the decree, the wife was required to refinance the property in order to remove the husband's name from the mortgage by January 1, 2017, "or the home will be placed on the market and sold."  The wife did not refinance the property by January 1, 2017, and on March 21, 2017, the husband moved for an order granting him sole authority to list the property for sale.  The trial court granted the motion without a hearing.  On May 31, 2017, the husband moved for contempt, arguing that the wife was not cooperating with the sale.

During a hearing on the motion, the wife's counsel represented that the husband's realtor sought to list the property for $230,000, and that the wife believed that the property was worth substantially more.  In an August 25, 2017 order following the hearing, the court noted that the parties could not agree on a real estate agent or a listing price and that "[b]oth parties have some responsibility for the present impasse."  The court appointed a commissioner to sell the property, with the fees to be divided equally.  The husband moved for reconsideration, arguing that the wife should be fully responsible for the commissioner's fees.  On September 18, 2017, the trial court denied the motion

"without prejudice to request re-allocation if [the wife] does not cooperate with the commissioner."

On January 4, 2019, the court held a hearing during which the commissioner testified regarding the $9,130.62 in fees he incurred in selling the property. He testified that the wife, who was reluctant to sell, tried unsuccessfully to refinance the property with help from her father. Doing so required a 24-hour extension of the time for signing the purchase and sale agreement. The commissioner also testified that he had particular difficulty with the closing company, which was the fault of neither party. He reported that the property sold for $250,000, which we note was substantially higher than the listing price suggested by the husband's realtor. In a January 19, 2019 order following the hearing, the court noted that it had previously found both parties responsible for the impasse requiring the appointment of the commissioner and found "no compelling reason to change" its order dividing responsibility for the fees equally.

At the outset, we reject the husband's argument that the trial court, by ordering the equal division of the commissioner's fees, impermissibly modified the final property division in the parties' divorce decree. The trial court's order did not modify the distribution of any marital assets. Nor do we consider the language in the divorce decree requiring the wife to pay "the mortgage, insurance, and real estate taxes for this property and all expenses for this property" to apply to the commissioner's fees. Given the trial court's finding that both parties were responsible for the impasse requiring the appointment of a commissioner, the trial court had the authority to divide responsibility for the commissioner's fees equally. See In the Matter of Muller & Muller, 164 N.H. 512, 518 (2013) (noting that "the need to render equitable orders is inherent in the resolution of divorce matters"). We will not overturn the trial court's equitable decision absent an unsustainable exercise of discretion. In the Matter of Costa & Costa, 156 N.H. 323, 326 (2007).

The husband also argues that the trial court, in referencing its August 25, 2017 order, overlooked its September 18, 2017 order, which denied his motion for reconsideration "without prejudice to request re-allocation if respondent does not cooperate with the commissioner." We disagree. The trial court's order on reconsideration allowed the husband to request re-allocation, which he did. Based upon our review of the record, we cannot conclude that the trial court unsustainably exercised its discretion in reaffirming its decision to divide equally the parties' responsibility to pay the commissioner's fees. See Costa, 156 N.H. at 326.

2

In light of our decision, we need not address the husband's remaining arguments.  See Antosz v. Allain, 163 N.H. 298, 302 (2012) (declining to address parties' other arguments where decision on one issue is dispositive).

Affirmed.

Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**