# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0228, <u>Appeal of Barbara French</u>, the court on March 30, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The claimant, Barbara French, appeals an order of the New Hampshire Compensation Appeals Board denying her claim for payment of medical expenses incurred on and after March 8, 2019, to treat a low back injury. The claimant argues that the board erred in: (1) finding that she failed to meet her burden to show that the treatment related to her June 16, 2011 work injury; and (2) requiring her to meet her burden of proof with "convincing" medical evidence, rather than by a preponderance of the evidence. We reverse and remand.

An employer has a continuing obligation to provide or pay for medical, hospital, and remedial care for as long as it is required by an injured employee's condition. <u>Appeal of Wingate</u>, 149 N.H. 12, 15 (2002); <u>see</u> RSA 281-A:23, I (2010). The claimant bears the burden of proving the causal relationship between her continuing medical treatment and her work-related injury. <u>Appeal of Wingate</u>, 149 N.H. at 15. We will not disturb the board's decision absent an error of law unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable. <u>Appeal of Desmarais</u>, 170 N.H. 134, 136 (2017); <u>see</u> RSA 541:13 (2007).

The record shows that on June 16, 2011, the claimant injured her low back lifting heavy boxes while working at a convenience store. On December 29, 2011, the claimant's orthopedist, Anthony Salerni, reviewed the claimant's December 1, 2011 MRI and found "a broad-based disc bulge, which is bilateral at the disc space" at L5-S1. Salerni related the disc bulge to the June 16, 2011 injury at work. The claimant's worker's compensation insurance carrier accepted the claim. The claimant returned to work, and other than a brief course of chiropractic care, did not seek treatment after 2012 until March 8, 2019, when she went to her primary care provider.

On June 25, 2019, her provider, Susan Thievon, reported that, while the claimant "has never achieved a sustained pain-free state[,] . . . [i]n the last 6 months she has had increased back pain that has progressed and is even worse in the last 2 months." Thievon noted that the claimant "gets a sharp, intense, pinching pain in the right low back that occurs with certain movements." The claimant described the pain as "severe," and reported that it "occurs a couple times a day." Although the claimant reported that "[t]his is fairly new in the last few months," Thievon noted that "[t]here has been no

repeat injury or known overuse activity to cause or trigger" the increased pain. Thievon reported that although "Ibuprofen has been very effective for her back pain," the claimant had become "less able to deal with her intermittent flare ups" by taking Ibuprofen.

Thievon referred the claimant to Glenn Lieberman, an orthopedist, who noted that the claimant was experiencing "[l]ow back pain constant with radiation into the right gluteal posterior lateral right thigh intermittently." According to radiologist Gregory White, an MRI taken on July 8, 2019, showed disc space narrowing at L5-S1, "with loss of disc signal intensity, consistent with disc dehydration and degenerative disc disease." White also noted that that there was a "[c]oncentric disc bulge," and that "[c]ompared with 12/01/2011, less disc bulge is seen."

In a January 28, 2020 narrative report, Lieberman stated that the claimant has been "struggling for the past 9 years with back pain and intermittent leg discomfort secondarily due to the injury that she had sustained at work." Lieberman reported that the pain and discomfort "has not gone away since the injury," and that "there has been no new injury according to the patient." Lieberman noted that "[t]his is an individual who by MRI does have . . . a broad-based bulge at L5-S1 that I believe is irritating the right L5 nerve root and most likely was caused from the incident that occurred in the convenience store many years ago."

"The test for medical causation requires the claimant to establish, by a preponderance of the evidence, that the work-related activities probably caused or contributed to the employee's disabling injury as a matter of medical fact." Appeal of Kehoe, 141 N.H. 412, 417 (1996) (quotation, emphasis, and brackets omitted). The progression of a work-related condition remains compensable as long as the worsening is not shown to have been produced by an independent, intervening cause. Appeal of Cote, 139 N.H. 575, 581 (1995). Nothing in the record suggests that the claimant sustained another injury in the same area, or that the board did not find her testimony to be credible.

The board denied the claim for medical treatment on and after March 8, 2019, based upon its finding that Lieberman's report was "not persuasive." The board, noting that Thievon had reported that the claimant was now suffering from an "intense, pinching pain in the right low back," stated that Lieberman "ignores" this "new type of pain," and "rests his opinion on a worsening or degeneration of the bulge initially caused by the work injury." According to the board, "[t]his ignores the fact that the second MRI actually showed an improvement in the bulge." The board concluded that "the claimant has not carried her burden of proof with convincing medical evidence that her . . . low back treatments are related to the original back injury."

"Medical causation is a matter properly within the province of medical experts, and the board is required to base its findings on this issue upon the

2

medical evidence rather than solely upon its own lay opinion." Appeal of Savage, 144 N.H. 107, 111 (1999) (quotation omitted).

At the outset, we note that the record does not support the board's statement that Lieberman "ignores" the right-sided pain that Thievon described in her June 25, 2019 progress note. To the contrary, on August 7, 2019, Lieberman reported that the claimant was experiencing "[l]ow back pain constant with radiation into the right gluteal posterior lateral right thigh intermittently." Nor does the record support the board's statement that Lieberman "ignores the fact that the second MRI actually showed an improvement in the bulge." No medical evidence in the record states that the second MRI showed an "improvement" in the bulge, and even if the record showed such an improvement, the board is not qualified to conclude that this MRI evidence disproves medical causation. See Appeal of Savage, 144 N.H. at 111.

We note that the record contains a report from Stuart Glassman, who concluded after a medical record review that the claimant's ongoing medical treatment is not related to her work injury. However, the board did not rely on Glassman's report in denying the claim, and the board's interpretation of the medical evidence is not supported by Glassman's report.

We conclude that the board acted unreasonably in ruling that the claimant did not meet her burden to prove that the treatment for her low back injury on and after March 8, 2019, was causally related to her June 16, 2011 work injury. See Appeal of Savage, 144 N.H. at 111. Accordingly, we reverse the board's ruling and remand for further proceedings consistent with this order. In light of our decision, we need not address the claimant's remaining arguments. See Antosz v. Allain, 163 N.H. 298, 302 (2012) (declining to address parties' other arguments where holding on one issue is dispositive).

Reversed and remanded.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3