# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0257, <u>A. George Mertz & a. v. Town of Piermont & a.</u>, the court on April 29, 2021, issued the following order:**

The defendants' motion to strike embedded image in reply brief is granted.  The plaintiffs concede that the embedded image was not presented to the trial court.  On appeal, we consider only evidence and documents presented to the trial court.  <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009); <u>see</u> <u>Sup. Ct. R.</u> 13; <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  The plaintiffs, A. George Mertz and Teran Mertz, appeal the order of the Superior Court (<u>Tucker</u>, J.) dismissing their claim against the defendants, the Town of Piermont and a number of town officials and personnel, for defamation.  The plaintiffs argue that the trial court erred in ruling that the allegations in their amended complaint fail to state a claim for which relief may be granted.  We affirm.

The plaintiffs, husband and wife, are present or former town office holders.  In their amended complaint, they allege that the defendants defamed them during an October 11, 2016 board meeting following an incident that occurred in the town administrative offices earlier that day.  The plaintiffs also allege that the defendants defamed them at other town meetings, in a newspaper article, on a Facebook page, and in other publications.  The allegations involve the plaintiffs' behavior toward the defendants and their use of government privileges and services.

To survive a motion to dismiss, the plaintiffs must allege facts to show that the defendants failed to exercise reasonable care in publishing a false and defamatory statement of fact about the plaintiffs to a third party.  <u>Cluff-Landry v. Roman Catholic Bishop of Manchester</u>, 169 N.H. 670, 678 (2017).  The defamatory statement must be communicated to and understood by an individual.  <u>Waterfield v. Meredith Corp.</u>, 161 N.H. 707, 711 (2011).  A statement of opinion is not actionable unless it may reasonably be understood to imply the existence of a defamatory fact as the basis for the opinion.  <u>Thomas v. Telegraph Publ'g Co.</u>, 155 N.H. 314, 338 (2007).  Whether a given statement can be read as being or implying an actionable statement of fact

presents a question of law to be determined by the trial court in the first instance. Id. at 338-39.

The plaintiffs concede that they were elected public officials for the purposes of their defamation allegations. Thus, they have the burden of proving not only that the defendants published defamatory statements about them, but also that the defendants acted with actual malice. Nash v. Keene Publishing Corp., 127 N.H. 214, 222 (1985). To prove actual malice, the plaintiffs must show, by clear and convincing evidence, that the defendants acted either with knowledge of the falsity of their statements or with a reckless disregard for truth or falsity. Id. "[M]ere negligence in failing to verify statements and discover falsity does not rise to the level of reckless disregard for truth or falsity." Id. at 223.

The trial court found, upon review of the plaintiffs' complaint, that many of the defendants' allegedly defamatory statements were not assertions of fact, but rather statements of opinion that did not imply the existence of a defamatory fact. See Thomas, 155 N.H. at 338. The court found that other statements that might qualify as statements of fact lacked sufficient context from which to find that the statements pertained to either plaintiff. With respect to one statement that the court found might otherwise satisfy the actual malice standard, it found that the plaintiffs did not allege sufficient facts to show that the statement was communicated to and understood by an individual to be defamatory. See Waterfield, 161 N.H. at 711. As for the remaining statements, the court found that, even if any of them were defamatory, the plaintiffs failed to allege sufficient facts to show actual malice, that is, that the defendants acted either with knowledge of the falsity of the statement or with a reckless disregard for its truth or falsity. See Nash, 127 N.H. at 222.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2