NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Sullivan
Case No. 2022-0397
Citation: State v. Fortune, 2024 N.H. 52

THE STATE OF NEW HAMPSHIRE

v.

JOHN FORTUNE

Argued: May 29, 2024
Opinion Issued: September 10, 2024

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Elizabeth C. Woodcock, senior assistant attorney general, on the brief and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.

MACDONALD, C.J.

[¶1] The defendant, John Fortune, appeals his conviction following a jury trial in Superior Court (Honigberg, J.) of selling a controlled drug resulting in death, see RSA 318-B:2, I-a (2017); RSA 318-B:26, IX (2017 & Supp. 2023). On appeal, the defendant argues that the trial court erred in: (1) refusing to dismiss the death resulting charge for improper venue; and (2) refusing to give

a requested lesser-included offense instruction.  We reverse and remand.

    I.  <u>Background</u>

[¶2] The following facts are undisputed or otherwise supported by the record.  The defendant sold drugs to the victim in Belknap County.  The victim both consumed the drugs and died in Sullivan County.  The defendant was indicted in Sullivan County.  Before trial, the defendant moved to dismiss the charges arguing that venue was improper in Sullivan County.  The Trial Court (<u>Tucker</u>, J.) denied the motion.  Following a jury trial in Sullivan County, the defendant was convicted on the death resulting charge.  This appeal followed.

    II.  <u>Analysis</u>

[¶3] On appeal, the defendant argues, in part, that "RSA 602:1 permits venue only in places where the defendant acted" and because the defendant "committed no act in Sullivan County, venue there was improper."  The State argues that trial may be had "where the victim died."

[¶4] Resolving the defendant's appeal requires that we engage in statutory interpretation.  <u>St. Onge v. Oberten, LLC</u>, 174 N.H. 393, 395 (2021).  We review the trial court's statutory interpretation <u>de</u> <u>novo</u>.  <u>Id</u>.  We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  <u>Id</u>.  We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include.  <u>Id</u>.  We also construe all parts of a statute together to effectuate its overall purpose.  <u>Id</u>.  However, we do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme.  <u>Id</u>.

[¶5] RSA 602:1 (2001) provides:

> Offenders shall be prosecuted and tried in the county or judicial district thereof in which the offense was committed.  But if any person is feloniously stricken, wounded or poisoned in one county or judicial district thereof and dies thereof in another, or if parts of an offense are committed in more than one county or judicial district thereof, the offense shall be deemed to have been committed, the offender may be prosecuted, and the trial may be had in either county or judicial district thereof.

[¶6] In finding venue in Sullivan County proper, the trial court relied on the following statutory language: "if parts of an offense are committed in more than one county . . . the offense shall be deemed to have been committed, the offender may be prosecuted, and the trial may be had in either county."  RSA 602:1.  The court stated that "[n]ecessarily, if an element is shown to have

occurred in a specific county, then that 'constituent part' of the crime was committed there." The court found that "where death is an element of the offense and a person acts so as to cause the death in that county, venue in that county is proper." The court concluded, "New Hampshire law on venue is predicated on where the different parts of the offense <u>occur</u>." (Emphasis added.) We disagree.

[¶7] The trial court's conclusion that venue is predicated on where parts of an offense <u>occur</u> is contrary to the text of RSA 602:1. RSA 602:1 requires defendants to be prosecuted and tried "in the county" where "the offense was <u>committed</u>." RSA 602:1 (emphasis added). It further permits venue in counties where "parts of an offense are <u>committed</u>." <u>Id</u>. (emphasis added). Indeed, "if parts of an offense are <u>committed</u> in more than one county . . . the offense shall be deemed to have been committed . . . in either county . . . thereof." <u>Id</u>. (emphasis added). In other words, for each county where part of an offense is committed by a defendant, venue is proper.

[¶8] In this case, the defendant sold a controlled drug to the victim in Belknap County contrary to RSA 318-B:2, I-a. RSA 318-B:2, I-a provides:

> It shall be unlawful for any person to manufacture, sell, purchase, transport or possess with intent to sell, dispense, compound, package or repackage (1) any substance which he represents to be a controlled drug or controlled drug analog, or (2) any preparation containing a substance which he represents to be a controlled drug or controlled drug analog, except as authorized in this chapter.

Later, the victim consumed the drugs and died in Sullivan County, thereby implicating RSA 318-B:26, IX. RSA 318-B:26, IX provides, in part:

> Any person who manufactures, sells, or dispenses methamphetamine, lysergic acid, diethylamide phencyclidine (PCP) or any other controlled drug classified in schedules I or II, or any controlled drug analog thereof, in violation of RSA 318-B:2, I or I-a, is strictly liable for a death which results from the injection, inhalation or ingestion of that substance, and may be sentenced to imprisonment for life or for such term as the court may order.

[¶9] "To violate RSA 318-B:26, IX, a defendant must not only engage in certain conduct (manufacturing, selling or dispensing a controlled drug), but also must cause a specified result to occur (the victim's death from injecting, inhaling or ingesting the controlled drug)." <u>State v. Marshall</u>, 162 N.H. 657, 663 (2011). Therefore, pursuant to RSA 318-B:26, IX, the State must prove, beyond a reasonable doubt, the following elements: (1) the defendant manufactured, sold, or dispensed a controlled drug; (2) the victim injected,

3

inhaled or ingested the drug; (3) the victim died; and (4) the victim's death resulted from injecting, inhaling or ingesting the drug.  See RSA 318-B:26, IX. In this case, as to the second, third, and fourth elements, it cannot be said that the defendant "committed" those elements within the meaning of RSA 602:1. Under RSA 602:1, an element of a crime that simply occurs or results, without the defendant committing an act, does not establish venue where that element occurs or results.  Because RSA 602:1 requires the defendant to commit an offense, or part of an offense, to establish venue, the defendant could be tried only in the county where he committed part of the offense.  Under RSA 318-B:26, IX, he committed the act of selling drugs to the victim in Belknap County.

[¶10] Accordingly, we hold that the trial court erred in denying the defendant's motion to dismiss for improper venue.  The defendant's convictions are therefore reversed, and the case is remanded for further proceedings.  In light of our decision, we need not address the defendant's remaining arguments.  See Antosz v. Allain, 163 N.H. 298, 302 (2012) (declining to address a party's other arguments when holding on one issue is dispositive).

Reversed and remanded.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.